IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Hugo Alberto Bastida | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | PLAINTIFFS DEMAND TRIAL |
| The Garage Auto and Tire, Inc. and | ) | |
| Micheal Watkins | ) | BY JURY |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Hugo Alberto Bastida ("Plaintiff"), by attorneys, Justicia Laboral LLC and Dan Schlade, complain against The Garage Auto and Tire, Inc. ("The Garage") and Michael Watkins ("Watkins"), hereinafter collectively referred to as ("Defendants"). In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Immokalee, Florida, and was employed by Defendants.

3. Defendant The Garage is a corporation that conducts business in the state of Florida.

4. Defendants operate as an enterprise engaged in commerce or in the production of goods for commerce under 29 USC § 203(s)(1)(A)(i) and (ii) the business has annual gross volume of sales made or business done of at least $500,000; and because the business is engaged in interstate commerce or in the production of goods for interstate commerce.

**Jurisdiction And Venue**

5. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Middle District of Florida because all underlying facts and transactions occurred in or about Naples, Florida.

**Facts Common To All Claims**

7. Defendant The Garage is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

8. Defendant Watkins is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at The Garage; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**COUNT 1 -  VIOLATION OF THE FLSA**

9. Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10. Plaintiff began working at Defendant The Garage in or before March 2021 until August 15, 2022.

11. At all times, Plaintiff held the same position at Defendant; he was a mechanic. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

12. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 50-54 hours per week.

13. Plaintiff was paid their wages on an hourly basis.

14. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

15. Plaintiff's rate of pay was $15.50 per hour.

16. Throughout the course of Plaintiff's employment with Defendants, they regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

17. Defendants did not pay Plaintiff minimum wages and not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid minimum wages and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $7,068.00 in unpaid overtime wages; (ii) liquidated damages of $7,068.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $7,068.00.

B. An award liquidated damages in an amount equal to at least $7,068.00.

C. A declaration that Defendant violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ Daniel Schlade
**Justicia Laboral LLC**
Daniel I. Schlade (Bar No.#1034991)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**